[No. C022700. Third Dist. Apr. 17, 1997.]

EDUARDO SCHNEIDER, Plaintiff and Respondent, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, Nancy Ann Stoner and Cindy M. Lopez, Deputy Attorneys General, for Defendant and Appellant.

Russell Iungerich for Plaintiff and Respondent.

OPINION

**MORRISON, J.**—After prevailing in an administrative proceeding to revoke plaintiff Eduardo Schneider's medical license, defendant Medical Board of California (defendant board) was awarded costs and attorney fees pursuant to Business and Professions Code section 125.3 (section 125.3). The trial court disallowed the award of attorney fees, and the sole issue on appeal is whether section 125.3 allows the recovery of reasonable attorney fees. We find that section 125.3 allows defendant to recover reasonable attorney fees and reverse.

## BACKGROUND

Defendant board filed an accusation against plaintiff Schneider, a medical doctor, and after an administrative proceeding before Administrative Law Judge Dash, plaintiff was found to have engaged in sexual misconduct with a patient and unprofessional conduct. Defendant board adopted the decision of the administrative law judge in revoking plaintiff's medical license and ordering plaintiff to pay defendant the costs of investigation ($10,056.46) and attorney fees ($4,005). Plaintiff filed a petition for a writ of administrative mandamus in the superior court. The court denied the petition but concluded that section 125.3 does not authorize the recovery of attorney fees. Defendant appealed on the issue of disallowing the recovery of attorney fees as costs under section 125.3.

## DISCUSSION

■ The interpretation of a statute is a question of law and we are not bound by evidence presented below on that question or by the lower court's interpretation. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ The primary "objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.]" (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) "First, a court should examine the actual language of the statute. [Citations.] . . . [¶] In examining the language, the courts should give to the words of the statute their ordinary, everyday meaning [citations]." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*Dyna-Med, Inc.* v. *Fair Employment and Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

"If the meaning is without ambiguity, doubt, or uncertainty, then the language controls. [Citations.] . . . [¶] But if the meaning of the words is not clear, courts must take the second step and refer to the legislative history." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.,* *supra,* 6 Cal.App.4th 1233, 1239.)

Defendant board is a part of the Department of Consumer Affairs (the department). (Bus. & Prof. Code, § 101, subd. (b).) The department ensures that "those private businesses and professions deemed to engage in activities which have potential impact upon the public health, safety, and welfare are adequately regulated . . . ." (Bus. & Prof. Code, § 101.6.) The functions of the boards within the department include setting standards, preparing and conducting examinations, conducting investigations, issuing citations, and holding revocation hearings. (Bus. & Prof. Code, § 108.)

 Section 125.3 sets forth the payment by licentiate for the investigation and enforcement costs of the boards. It provides in relevant part, "(a) . . . in any order issued in resolution of a disciplinary proceeding before any board within the department[,] . . . the board may request the administrative law judge to direct a licentiate found to have committed a violation or violations of the licensing act to pay a sum not to exceed the *reasonable costs of the investigation and enforcement of the case.* [¶] . . . [¶] (c) . . . The costs shall include the amount of investigative and enforcement costs up to the date of the hearing, including, but not limited to, *charges imposed by the Attorney General.* [¶] (d) The administrative law judge shall make a proposed finding of the amount of *reasonable costs of investigation and prosecution* of the case when requested pursuant to subdivision (a)." (Bus. & Prof. Code, § 125.3, italics added.)

Preliminarily, we note that there is inconsistent language within the statute. While section 125.3, subdivisions (a) and (c) speak of "costs of investigation and *enforcement,*" subdivision (d), which allows the administrative law judge to make a finding of the amount of these costs, refers to "costs of investigation and *prosecution.*" These two terms may be similar, but they are not the same. Enforcement is a more general term, referring to "[t]he act of putting something such as a law into effect." (Black's Law Dict. (6th ed. 1990) p. 528, col. 2.) Prosecution means "[t]he continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused." (*Id.* at p. 1221, col. 2.) To harmonize these two words, we conclude that enforcement, as used in this statute, encompasses the act of prosecution.

 The statute permits defendant board to recover costs, which explicitly includes "charges imposed by the Attorney General." The issue is

whether these charges may include attorney fees. In ascertaining the meaning of the phrase "charges imposed by the Attorney General," section 125.3 cannot be analyzed in isolation. Business and Professions Code section 2020 (section 2020) specifies that "The Attorney General shall act as legal counsel for the [defendant] board for any judicial and administrative proceedings and his or her services shall be a charge against it." Government Code section 11044 states that "For state agencies, departments, or programs which are charged for the costs of legal services rendered by the Attorney General, the Attorney General shall charge an amount sufficient to recover the costs incurred in providing the legal services." Thus, the "charges imposed by the Attorney General" in section 125.3 include the costs of legal services.

Plaintiff contends that when the Legislature intends to authorize recovery for attorney fees, it has expressly so provided, and since section 125.3 does not expressly provide for an award of attorney fees, they are not recoverable. Furthermore, plaintiff asserts that the term "costs" usually does not include attorney fees. We agree with plaintiff that as a general rule, attorney fees are not recoverable as costs unless expressly authorized by contract, statute, or law. (See Code Civ. Proc., § 1033.5, subd. (a)(10).) In this case, the recovery of attorney fees is authorized by section 125.3, albeit using terms other than "attorney fees." Statutes which specifically direct the Attorney General to provide legal services and bill the governmental bodies that use such legal services employ language very similar to section 2020 and section 125.3, namely designating payments to the Attorney General as "charge[s]," not "attorney fees." (See, e.g., Bus. & Prof. Code, § 3027 [Board of Optometry]; Pub. Resources Code, § 3102 [Division of Oil, Gas, and Geothermal Resources in the Department of Conservation].) Plaintiff cites to the cost-recovery statutes governing the Board of Accountancy (Bus. & Prof. Code, § 5107)[1] and the Respiratory Care Board (Bus. & Prof. Code, § 3753.7)[2] to support the proposition that the Legislature would have expressly provided for the recovery of attorney fees if it so intended. The explicit reference to attorney fees in these statutes, while such term is not used in section 125.3, does not compel the conclusion that attorney fees are not included in the costs recoverable under section 125.3. The board is required to use the Attorney General as its legal counsel (§ 2020), so the use of the term "charges imposed by the Attorney General" adequately covers the recovery of the costs of the Attorney General's legal services.

---

[1]Business and Professions Code section 5107 provides, in pertinent part, "(a) The executive officer of the board may request the administrative law judge . . . to direct any holder of a permit or certificate found guilty of unprofessional conduct . . . to pay to the board all reasonable costs of investigation and prosecution of the case, including, but not limited to, attorneys' fees."

[2]Business and Professions Code section 3753.7 states, "For purposes of this chapter, costs of prosecution shall include attorney general or other prosecuting attorney fees, expert witness fees, and other administrative, filing, and service fees."

The trial judge, in denying the request for attorney fees, placed a significant emphasis on the phrase "up to the date of hearing." He reasoned that because attorney fees usually continue to be incurred after the date of hearing, the charges recoverable under section 125.3 could not include attorney fees. The record does not indicate significant legal costs were incurred after the hearing. The purpose of this limitation may simply be to ensure that the administrative hearing proceeds efficiently and conclusively. By limiting costs up to the date of hearing, the administrative law judge, who makes the finding of the amount of costs, can easily determine the amount at the end of the hearing, without the need for additional hearings and protracted arguments over the issue of costs. The time restriction results in limiting attorney fees, but not eliminating them.

 "A statute must be construed in the context of the entire statutory scheme of which it is a part, in order to achieve harmony among the parts." (*People* v. *Lewis* (1993) 21 Cal.App.4th 243, 254 [25 Cal.Rptr.2d 827].) Government Code section 11044 defines charges by the Attorney General as "the costs incurred in providing the legal services"; section 2020 requires the Attorney General to act as counsel for defendant board and authorizes the Attorney General to charge defendant for the legal services provided; and section 125.3 allows defendant to recover costs of investigation and enforcement, including any Attorney General charges, from plaintiff. Thus, the $4,005, which were the costs of the Attorney General's services up to the date of hearing, were recoverable from plaintiff.

Given the various statutes relating to the subject of legal services provided by the Attorney General, the words of section 125.3 are clear and unambiguous and we need not review the legislative history.

## DISPOSITION

The judgment denying attorney fees is reversed. Defendant board shall recover costs on appeal.

Sparks, Acting P. J., and Nicholson, J., concurred.

On May 19, 1997, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied July 9, 1997.