[No. B101247. Second Dist., Div. Three. Oct. 16, 1997.]

DANIEL M. ANGELIER, Plaintiff and Appellant, v.
STATE BOARD OF PHARMACY, Defendant and Respondent.

## COUNSEL

Russell Iungerich for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General and Ronald A. Casino, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**CROSKEY, Acting P. J.**—In this suit for administrative mandamus relief (Code Civ. Proc., § 1094.5 (section 1094.5)), petitioner Daniel M. Angelier (Angelier) seeks to overturn a decision by the California State Board of

Pharmacy (the Board)[1] which revoked Angelier's license to practice pharmacy. The trial court denied Angelier's request for relief. On appeal, Angelier challenges the sufficiency of the trial court's statement of decision, and he questions whether the court applied the correct standard of review of the administrative evidence. Angelier also challenges the court's affirmance of the award of attorney's fees that was made by the administrative law judge in favor of the Board. We affirm the judgment denying the writ.

## BACKGROUND OF THE CASE

The Board's charges against Angelier were drug related.[2] The administrative law judge (ALJ) found Angelier had supplied his girlfriend and himself with prescription drugs without their having prescriptions for those drugs. This was done on several occasions. The drugs were Estrogen, Prostin, Percocet, Prozac and antibiotics. The ALJ also found Angelier had given his girlfriend a drug to induce an abortion at the home where they were living. Evidence showed the drug should only be administered by a physician and should only be used in a hospital.

The ALJ determined Angelier's license should be revoked and he should pay $6,809.50 to the Board as and for the Board's costs of investigating the charges against Angelier, including its legal fees. After the Board adopted the ALJ's determination and recommendation, Angelier petitioned for reconsideration of the decision. The petition was denied.

 ▬▬ Angelier's petition for writ relief was filed with the trial court in September 1995. The petition alleges, among things, that the findings made by the Board regarding the charges against Angelier are not supported by the weight of the evidence[3] and the Board's decision to revoke his license is not supported by the Board's findings. Angelier also challenged the validity of the ALJ's decision to include attorney's fees in the

---

[1]The Board is part of the Department of Consumer Affairs of the State of California. (Bus. & Prof. Code, §§ 100, 101.) Its functions include "conducting investigations of violations of laws under its jurisdiction, issuing citations and holding hearings for the revocation of licenses, and the imposing of penalties following such hearings, . . ." (Bus. & Prof. Code, § 108.)

[2]Angelier was on active duty in the United States Navy, stationed at the Balboa Naval Hospital in San Diego, when charges were brought against him by the Board.

[3]Angelier's contention regarding the "weight of the evidence" relates to the appropriate test to be used by the trial court in reviewing an administrative decision of the type at issue in the instant case. Section 1094.5 states in part: "(b) The inquiry [in an administrative mandamus case] shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. [¶] (c) *Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its*

award of costs to the Board. The Board moved for a change of venue to San Diego, which was denied. Angelier moved for a stay of the Board's decision to revoke his license. His motion was granted.

After the parties presented their respective positions to the trial court regarding whether a writ should be granted, Angelier requested a statement of decision.[4] On November 16, 1995, the trial court issued its minute order denying Angelier's petition for writ of mandate and directing the Board to file a proposed statement of decision. No explanation was given in the minute order for why the petition was denied. Angelier filed objections to the proposed statement of decision (which were impliedly overruled when the court signed the proposed statement of decision without modifying it). The court's statement of decision and judgment were signed and filed on January 25, 1996. Thereafter, Angelier filed this timely appeal.

---

independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Italics added.)

A trial court is required to utilize the "independent judgment test" when a fundamental vested right is at stake. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 144 et seq. [93 Cal.Rptr. 234, 481 P.2d 242].) "The right to practice one's profession is a fundamental vested right and if a person's license to practice that profession is revoked by an administrative agency, when a petition for a writ of mandate is brought for restoration of the license, the trial court must apply its independent judgment to its review of the facts underlying the administrative decision. [Citations.] . . . [¶] Under the independent judgment rule, the trial court must weigh the evidence and make its own determination as to whether the administrative findings should be sustained." (*Vaill* v. *Edmonds* (1991) 4 Cal.App.4th 247, 257-258 [6 Cal.Rptr.2d 1].) "The trial court examines the administrative record for errors of law and reweighs the evidence in a limited trial de novo. [Citation.] This judicial reweighing requires that a preponderance of the evidence support the administrative disposition. [Citation.]" (*James* v. *Board of Dental Examiners* (1985) 172 Cal.App.3d 1096, 1105 [218 Cal.Rptr. 710].) However, when an appeal is taken from the trial court's judgment and the trial court's decision regarding the weight of the evidence is challenged, the reviewing court applies a substantial evidence test, not an independent judgment test. The judgment "is given the same effect as any other judgment after trial rendered by the court: the only question is whether the *trial court's* (not the administrative agency's) findings are supported by substantial evidence. [Citation.] Conflicts in the evidence must be resolved in favor of the judgment and where two or more inferences can be reasonably drawn from the facts, the reviewing court must accept the inferences deduced by the trial court. [Citation.]" (*Vaill* v. *Edmonds, supra,* 4 Cal.App.4th at p. 258.)

[4]Statements of decision are provided for in Code of Civil Procedure section 632 (section 632). Section 632 states in part: "The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at trial." Another portion of section 632 narrows the scope of the statement of decision. That portion provides: "The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision."

CONTENTIONS ON APPEAL

On appeal, Angelier challenges the legal sufficiency of the portion of the trial court's statement of decision which pertains to the evidence presented at the administrative hearing. He also contends the record does not clearly show that the trial court applied the correct test when it reviewed the administrative record (the independent judgment test). Additionally, Angelier asserts there is no legal basis for imposing on him the costs for attorney work performed by the Attorney General's office for the Board.

DISCUSSION

1. *The Trial Court's Statement of Decision Is Not Deficient*

■ In his request for a statement of decision, Angelier requested an explanation of the factual and legal basis of the trial court's determination regarding whether the Board's decision is supported by the weight of the evidence. The proposed statement of decision submitted by the Board and adopted by the trial court states in part: "The [Board's] decision . . . is supported by the Board's findings, which are in turn supported by the weight of the evidence." In his written objections to the proposed statement of decision, Angelier stated: "The [proposed] finding on the weight of the evidence does not specify what findings are supported by the weight of what evidence and therefore does not give a reviewing court factual findings which trace and examine this Court's analysis of the evidence under the independent judgment test. There are no findings of fact which bridge the analytic gap between the evidence and this Court's decision under the independent judgment test."

On appeal, Angelier renews his contention. He asserts the trial court failed to "set forth any factual basis for its decision. There is no explanation as to how the weight of the evidence supported any particular factual finding at all." Angelier relies on *People* v. *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509 [206 Cal.Rptr. 164].

We do not find the statement of decision to be inadequate. "[A] trial court rendering a statement of decision under . . . section 632 is required to state only ultimate rather than evidentiary facts because findings of ultimate facts necessarily include findings on all intermediate evidentiary facts necessary to sustain them. [Citation.]" (*In re Cheryl E.* (1984) 161 Cal.App.3d 587, 599 [207 Cal.Rptr. 728]; accord, *People* v. *Casa Blanca Convalescent Homes, Inc., supra*, 159 Cal.App.3d at p. 524 (*Casa Blanca*).) In *Casa Blanca*, the trial court, in its statement of decision, "declared Casa Blanca had committed 67 specified 'acts' in violation of nursing home regulations constituting

unlawful and unfair business practices. The court specifically described 10 different categories of 'acts' which occurred in Casa Blanca facilities on 'repeated' occasions. [¶] Furthermore, in its statement of decision the court listed exactly how many 'acts' it found to have occurred within each of the categories described." (*Casa Blanca*, at p. 524.) The reviewing court held the trial court's "statement of decision fairly and completely sets forth the factual and legal basis for the court decision as required by . . . section 632. It lists all the ultimate facts necessary to decide the issues placed in controversy by the pleadings." (*Ibid.*) The *Casa Blanca* court rejected Casa Blanca's assertion that the trial court was required to make "findings with regard to detailed evidentiary facts, to make minute findings as to individual items of evidence. (*Ibid.*)

Unlike the trial court in *Casa Blanca*, the trial court in the instant case did not provide *detailed* ultimate facts in its statement of decision. However, unlike the trial court in *Casa Blanca*, the trial court in the instant case was not the original finder of fact. Stated another way, *Casa Blanca* was not an administrative mandamus case. Thus, the trial court's specificity, in *Casa Blanca*, in setting out its findings of ultimate facts, was to be expected. Here however, the ALJ had already set out various findings of misconduct by Angelier. In its statement of decision, the trial court stated *its* finding that the ALJ's various findings are supported by the weight of the evidence. As noted above, under the independent judgment rule, the trial court must weigh the evidence and make its own determination as to whether the administrative findings should be sustained. What the trial court's statement of decision lacked in specificity, it made up for by its statement that the Board's findings are supported by the weight of the evidence. In effect, the statement of decision incorporates by reference the findings of ultimate fact made by the Board; the statement of decision is therefore, in effect, detailed enough.[5]

---

[5]It has been held that findings of fact by the trial court in an administrative mandamus proceeding "are not essential to effective appellate review of the decision of the trial court" when the trial court applies the "substantial evidence in the light of the whole record" test provided for in section 1094.5. (*Friends of Lake Arrowhead* v. *Board of Supervisors* (1974) 38 Cal.App.3d 497, 518 [113 Cal.Rptr. 539]; accord, *Southern Cal. Gas Co.* v. *City of Vernon* (1995) 41 Cal.App.4th 209, 221 [48 Cal.Rptr.2d 661].) However, "findings must be made if requested" when the trial court applies the independent judgment test. (*Friends of Lake Arrowhead, supra,* at p. 518, fn. 17.) The reason for not requiring a statement of decision in substantial evidence cases is that the trial court is not deciding questions of fact. Whether substantial evidence exists to support the administrative decision is a question of law (*Friends of Lake Arrowhead, supra,* at p. 518) and section 632 only requires a statement of decision for issues of fact that are decided by the trial court, not issues of law (*City of Coachella* v. *Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1291-1292 [258 Cal.Rptr. 795]). Section 632 begins: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, . . . ."

## 2. The Record Indicates the Trial Court Applied the Independent Judgment Test

Angelier asserts the statement of decision does not state which standard of review the trial court used in examining the administrative record and decision. He contends "one cannot be satisfied that the independent judgment test was rigorously applied. The tentative decision [i.e., the trial court's minute order] was simply that the petition for writ of mandate was denied with no reasoning. Without any guidance from the trial court, [the Board's] counsel was delegated the task of preparing the Statement of Decision. No hearing or ruling was made on appellant Angelier's Statement of Decision."[6] We disagree with the whole of Angelier's argument.

■ Judgments and orders of the trial court are presumed to be correct, and reversible error must be affirmatively shown by persons challenging those decisions. (*Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58].) Angelier has not met his appellate burden on this issue. The reporter's transcript shows that twice during a hearing on the Board's motion for a change of venue and Angelier's motion for a stay of the Board's decision, Angelier's counsel stated to the court that it was required to apply the independent judgment test in considering Angelier's petition for writ of mandate. The second time counsel made this assertion, the trial court stated: "I understand that." Moreover, the statement of decision itself shows the proper test was applied. It states the trial court's determination that the Board's findings are "supported by the *weight of the evidence*." (Italics added.)

## 3. Inclusion of Attorney's Fees in the ALJ's Award of Costs Was Proper

■ As noted above, the ALJ awarded the Board $6,809.50 "in costs of investigation and prosecution of this action." Of that amount, $2,669.50 was for the cost of investigation and $4,140 was for charges made by the Attorney General's office. Business and Professions Code section 125.3 was cited by the ALJ as authority for the award.

Business and Professions Code section 125.3 provides in relevant part: "(a) Except as otherwise provided by law, in any order issued in resolution of a disciplinary proceeding before any board within the department [of consumer affairs] . . . , the board may request the administrative law judge

---

[6]Apparently Angelier means no hearing was held, or ruling made, on his objections to the Board's proposed statement of decision. However, as noted above, the objections were *impliedly* overruled when the trial court signed the proposed statement of decision without making modifications to it.

to direct a licentiate found to have committed a violation or violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case.

". . . . . . . . . . . . . . . . . . . . . . . .

"(c) A certified copy of the actual costs, or a good faith estimate of costs where actual costs are not available, signed by the entity bringing the proceeding or its designated representative shall be prima facie evidence of reasonable costs of investigation and prosecution of the case. The costs shall include the amount of investigation and enforcement costs up to the date of the hearing, including, but not limited to, charges imposed by the Attorney General.

". . . . . . . . . . . . . . . . . . . . . . . .

"(j) This section does not apply to any board [within the Department of Consumer Affairs] if a specific statutory provision in that board's licensing act provides for recovery of costs in an administrative disciplinary proceeding."[7]

On appeal, Angelier asserts the ALJ had no authority under Business and Professions Code section 125.3 to include, in the award of costs, the attorney's fees charged by the Attorney General for the legal work performed by his office on behalf of the Board.[8] Angelier's assertion rests on the fact that Business and Professions Code section 125.3 does not specifically mention attorney's fees in its provisions for costs, whereas Business and Professions Code section 5107 (pertaining to disciplinary proceedings brought by the Board of Accountancy and Business and Professions Code section 3753.7 (pertaining to disciplinary proceedings brought by the Respiratory Care Board of California explicitly provide for recovery of attorney's fees in their provisions relating to costs incurred for investigating and prosecuting a disciplinary case. Angelier argues that the language used in Business and Professions Code sections 5107 and 3753.7 shows the Legislature knows how to provide for attorney's fees when it intends to allow them. Angelier also notes that under Code of Civil Procedure section 1033.5,

---

[7]Angelier makes no claim that the statutory authority creating and governing the operation of the Board contains any specific provision providing for recovery of costs in an administrative proceeding.

[8]Because construction of a statute presents a question of law, we are not bound by the trial court's interpretation of section 125.3. (*Mansell* v. *Board of Administration* (1994) 30 Cal.App.4th 539, 544 [35 Cal.Rptr.2d 574].)

subdivision (a)(10), attorney's fees are not allowed as costs unless expressly provided for by statute, law, or contract.[9]

We agree that these basic rules pertaining to statutory construction and attorney's fees do cause one to wonder whether the Legislature intended to allow only some boards within the Department of Consumer Affairs to recover attorney's fees in disciplinary proceedings. However, a resolution of this question is found in Government Code sections 11042 and 11044 (section 11042 & section 11044).

Section 11042 prohibits state agencies (other than those listed in section 11041 of the Government Code) from employing legal counsel other than the Attorney General, his or her assistants and his or her deputies.[10] Section 11044 provides in part: "(a) For state agencies, departments, or programs which are *charged* for the costs of legal services rendered by the Attorney General, the Attorney General shall *charge* an amount sufficient to recover the costs incurred in providing the legal services." (Italics added.) This language, coupled with the language in subdivision (c) of section 125.3, which states that costs which a board may recover from a licentiate in a disciplinary proceeding include "*charges* imposed by the Attorney General" (italics added), leads us to conclude the Legislature intended that *all* boards within the Department of Consumer Affairs should recover fees they pay for attorney services in prosecuting disciplinary cases unless otherwise provided by subdivision (j) of section 125.3. Therefore, we construe the reference in subdivision (c) of section 125.3 to "charges imposed by the Attorney General" to include what would be the equivalent of attorney's fees. Thus, the ALJ's award of attorney's fees was proper.

Our construction of section 125.3 produces a result that is reasonable because it puts the various boards in the Department of Consumer Affairs on an equal footing for recovery of costs incurred in disciplinary proceedings. ■ "Where the construction of a statute is necessary, it should be interpreted so as to produce a result that is reasonable; the court must look to the context of the law and, where uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation." (*People* ex rel. *Riles* v. *Windsor University* (1977) 71 Cal.App.3d 326, 332 [139 Cal.Rptr. 378].) Angelier's position that the Legislature intended to permit some boards to recover attorney's fees paid for legal services for the enforcement of their applicable licensing act while denying other boards

---

[9]These same arguments were made by the plaintiff in *Schneider* v. *Medical Board* (1997) 54 Cal.App.4th 351, 355 [62 Cal.Rptr.2d 710] and rejected by the Court of Appeal.

[10]Section 11040 of the Government Code permits the Attorney General to give his or her written consent to utilization of outside counsel.

such a recovery would mean that some persons licensed by the state would have to reimburse the taxpayers for the expenses which their wrongful acts have caused the state while others would not. We do not believe the Legislature intended such consequences. Moreover, our interpretation of section 125.3 produces harmony among the various statutory provisions for costs. "[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

### DISPOSITION[11]

The judgment appealed from is affirmed. Costs on appeal to the Board.

Aldrich, J., and Aranda, J.,* concurred.

A petition for a rehearing was denied November 4, 1997.

---

[11]After oral argument on this matter, Angelier requested we delay decision on his appeal pending submission of a " 'Friend of the Court' statement" from the admiral who presided over a general court martial of Angelier in 1993. According to Angelier, the court martial was based on allegations of drug theft and misuse and he was found not guilty on all charges.

We have no cause to delay our decision. First, the court martial proceedings involved a more onerous standard of proof than that required of the trial court in this case, and therefore the determination that the charges against Angelier had not been proven beyond a reasonable doubt are neither controlling nor persuasive in this administrative matter. Second, as pointed out in footnote 3, *ante*, we may not retry the factual issues of this case.

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.