[No. C025177. Third Dist. Sept. 7, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD GENE HUNT, Defendant and Appellant.

**COUNSEL**

Howard J. Stechel, under appointment of the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Mark A. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, P. J.**—Defendant Donald Gene Hunt was court-martialed for engaging in indecent acts with a child while stationed in Germany. Three years later, he was convicted of committing a lewd and lascivious act with a child under the age of 14 in California (Pen. Code, § 288, subd. (a)) and was sentenced to state prison.

Prior to his release, proceedings were initiated pursuant to the Sexually Violent Predators Act (the Act) (Welf. & Inst. Code, § 6600 et seq.). The superior court found defendant to be a sexually violent predator and committed him to the Department of Mental Health for appropriate treatment and confinement.

On appeal, defendant contends his commitment must be reversed because his court-martial conviction in Germany for indecent acts with a child does

not qualify as a conviction of a sexually violent offense within the meaning of the Act. We agree.

As we shall explain, to be committed pursuant to the Act, a person must have been convicted of a sexually violent offense against two or more persons. (Welf. & Inst. Code, § 6600, subd. (a); further section references are to this code unless specified otherwise.) A "sexually violent offense" is defined in section 6600, subdivision (b) and includes "a conviction in another state" for an offense that has all the elements of an offense described in subdivision (b). (§ 6600, subd. (a).) Applying established principles of statutory interpretation, we conclude that section 6600's use of the term "a conviction in another state" is limited to convictions in one of the United States and does not encompass a conviction via military court-martial in Germany.

Accordingly, the People failed to establish that defendant was convicted of a sexually violent offense against two or more persons within the meaning of the Act. Because we must reverse the judgment for this reason, we need not address defendant's other contentions.

FACTS

On June 20, 1996, the Tehama County District Attorney filed a petition to commit defendant pursuant to the Act, alleging he is a sexually violent predator who has committed sexually violent crimes; he has been diagnosed with a mental disorder, making him a danger to others; and he is likely to engage in sexually violent criminal behavior upon his release from prison. As to the allegation that defendant committed sexually violent crimes, the petition relied on his conviction on June 22, 1989, for lewd and lascivious conduct with a child under the age of 14, and his United States Air Force general court-martial on March 27, 1986, wherein it was adjudicated that he had committed an indecent act with a child.

The superior court found probable cause to believe that defendant was likely to engage in sexually violent predatory criminal behavior upon his release from prison, and ordered him held without bail pending a trial on the petition.

Defendant filed a demurrer to the petition, alleging that the Act is unconstitutional on various grounds. He also disputed that there was probable cause to detain him, arguing his military court-martial did not qualify as a sexually violent offense under the specific wording of the Act. The superior court overruled the demurrer and defendant's objection to the probable cause finding.

A trial was hel'd, and the court granted the petition. Defendant was committed to the custody of the Department of Mental Health for appropriate treatment and confinement.

DISCUSSION

I

Before addressing defendant's contention, it is helpful to set forth a brief synopsis of the Act.

In passing the Act in.1995, the Legislature stated it "finds and declares that a small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders can be identified while they are incarcerated. These persons are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of sexual violence. The Legislature further finds and declares that it is in the interest of society to identify these individuals prior to the expiration of their terms of imprisonment. It is the intent of the Legislature that once identified, these individuals, if found to be likely to commit acts of sexually violent criminal behavior beyond a reasonable doubt, be confined and treated until such time that it can be determined that they no longer present a threat to society. [¶] The Legislature further finds and declares that while these individuals have been duly punished for their criminal acts, they are, if adjudicated sexually violent predators, a continuing threat to society. The continuing danger posed by these individuals and the continuing basis for their judicial commitment is a currently diagnosed mental disorder which predisposes them to engage in sexually violent criminal behavior. It is the intent of the Legislature that these individuals be committed and treated for their disorders only as long as the disorders persist and not for any punitive purposes." (Stats. 1995, ch. 763, § 1.)

The Act defines a "sexually violent predator" as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a).)

"Sexually violent offense" is defined as certain enumerated acts "when committed by force, violence, duress, menace, or fear of immediate and

unlawful bodily injury on the victim or another person . . . ." (§ 6600, subd. (b).) Effective September 13, 1996, this section was amended to add that "a conviction in another state for an offense that includes all the elements of an offense described in subdivision (b), shall also be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense." (§ 6600, subd. (a).)

" 'Diagnosed mental disorder' includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600, subd. (c).)

The Act generally requires the Director of the Department of Corrections to refer a suspected sexually violent predator for screening and a psychiatric evaluation at least six months before the person's scheduled release date. (§ 6601, subds. (a) & (b).)[1] The evaluation must be performed by two practicing psychiatrists or psychologists designated by the Director of the Department of Mental Health. (§ 6601, subd. (d).) "If both evaluators concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment" to the county in which the person was convicted. (§ 6601, subds. (d) & (i).) Copies of the evaluation reports and other documentation are made available to the district attorney or county counsel. (§ 6601, subds. (d) & (i).) If the county's attorney concurs with the recommendation, a petition for commitment is filed in superior court. (§ 6601, subd. (i).)

Upon the filing of the petition, the superior court determines whether there is "probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." (§ 6602.) If the court determines there is no probable cause, the court must dismiss the petition, and any prisoner subject to parole shall duly report to parole. (§ 6602.) If the court finds probable cause, it "shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her releases from the jurisdiction of the Department of Corrections or other secure facility." (§ 6602.)

At trial, the alleged sexually violent predator has the right to a jury, to assistance of counsel, to retain experts, to access all relevant medical and

---

[1]Under certain circumstances, the screening process may be commenced less than six months before a person's release date. (§ 6601, subd. (a).)

psychological records and reports, and to appointed counsel if indigent. (§ 6603, subd. (a).) "The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator." (§ 6604.) If there is reasonable doubt that the prisoner is a sexually violent predator, he or she is released from prison at the expiration of his or her term. (§ 6604.) If it is determined that the prisoner is such a predator, the person is committed to the custody of the Department of Mental Health for two years, subject to an annual review and extension of the commitment if the diagnosed mental disorder and consequent danger to society persists. (§§ 6604, 6605.)

The committed predator has the right to treatment and the right to petition for a conditional release. (§§ 6606, subd. (a), 6608.) However, amenability to treatment is not a prerequisite to a finding that a person is a sexually violent predator; nor is it required for treatment of that person. (§ 6606, subd. (b).) In addition, there is no requirement that treatment be successful. (§ 6606, subd. (b).)

## II

In the petition for commitment, the district attorney alleged defendant was convicted in 1989 for lewd and lascivious conduct with a child under the age of 14 in California (Pen. Code, § 288, subd. (a)) and was court-martialed by the United States Air Force in 1986 for indecent acts with a child in Germany.

As previously explained, a person must have been convicted of a sexually violent offense against two or more persons to be committed as a sexually violent predator. (§§ 6600, subd. (a), 6604.) "Sexually violent offense" is defined in subdivision (b) of section 6600 as certain enumerated acts, including a violation of Penal Code section 288, subdivision (a), "when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." At the time of defendant's trial, "a conviction in another state for an offense that includes all the elements of an offense described in subdivision (b), shall also be deemed a sexually violent offense." (§ 6600, subd. (a); Stats. 1996, ch. 462, § 4, eff. Sept. 13, 1996.)

Defendant contends his court-martial conviction in Germany does not qualify as a sexually violent offense because it is not a "conviction in another state" within the plain meaning of the Act. We agree.

In interpreting section 6600, our function is to ascertain legislative intent so as to effectuate the purpose of the law. (*California School*

*Employees Assn.* v. *Governing Board* (1994) 8 Cal.4th 333, 338 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) First, we examine the actual language of the statute, giving the words used their ordinary everyday meaning. (*Ibid.*; *Schneider* v. *Medical Board* (1997) 54 Cal.App.4th 351, 353 [62 Cal.Rptr.2d 710].) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

Although we are charged with interpreting a statute to effectuate legislative intent, we "cannot enlarge the plain terms of the statute in pursuit of that underlying policy." (*Cathay Bank* v. *Fidelity Nat. Title Ins. Co.* (1996) 46 Cal.App.4th 266, 271 [53 Cal.Rptr.2d 595]; *City of Sacramento* v. *Public Employees' Retirement System* (1994) 22 Cal.App.4th 786, 794 [27 Cal.Rptr.2d 545].) " ' "An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein." ' . . ." (*Mutual Life Ins. Co.* v. *City of Los Angeles* (1990) 50 Cal.3d 402, 412 [267 Cal.Rptr. 589, 787 P.2d 996], citations omitted.) It is a cardinal rule that courts may not add provisions to a statute. (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827 [4 Cal.Rptr.2d 615, 823 P.2d 1216]; Code Civ. Proc., § 1858.)

If the meaning of the words used in the statute is without ambiguity, doubt, or uncertainty, then the language controls. (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1239 [8 Cal.Rptr.2d 298].) This is so because "it is the language of the statute itself that has successfully braved the legislative gauntlet." (*Id.*, at p. 1238; accord, *California School Employees Assn.* v. *Governing Board, supra,* 8 Cal.4th at p. 338.) Not even the most reliable document of legislative history has the force of law. (*City of Sacramento* v. *Public Employees' Retirement System, supra,* 22 Cal.App.4th at p. 795.)

However, if the language of the statute is not clear, we may refer to the legislative history to resolve ambiguities in the statutory language. (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc., supra,* 6 Cal.App.4th at p. 1239; *City of Sacramento* v. *Public Employees' Retirement System, supra,* 22 Cal.App.4th at p. 795.) "An ambiguity arises only if '. . . there [is] more than one construction in issue which is semantically permissible, i.e., more than one usage which makes sense of the statutory language given the context and applicable rules of usage.' . . ." (*City of Sacramento* v. *Public Employees' Retirement System, supra,* at p. 795, citation omitted.)

The final step, which should be taken only when the first two steps have failed to reveal a clear meaning, is to apply reason, practicality, and common sense to the statutory language. (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc., supra,* 6 Cal.App.4th at p. 1239.) "If possible, the words should be interpreted to make them workable and reasonable . . . , in accord with common sense and justice, and to avoid an absurd result . . . ." (*Ibid.,* citations omitted.)

■ The plain meaning of "conviction in another state" is a conviction in another one of the United States. This does not encompass defendant's conviction via a military court-martial in Germany.

Even if we were to view the statutory language as ambiguous, the legislative history does not indicate that the Legislature intended to include the court-martial in question here.[2]

As originally proposed, the amendment to section 6600 did not expand the definition of a sexually violent predator. (Assem. Bill No. 3130 (1995-1996 Reg. Sess.) introduced on Feb. 23, 1996.) The bill was amended in the Assembly on April 29, 1996, to change the definition to include a person who had been convicted of a sexually violent offense in this state, "or an offense in another jurisdiction that includes all of the same elements, against two or more victims . . . ." This definition remained substantially the same in subsequent amendments by the Assembly on May 24, 1996, and by the Senate on July 7, 1996. But on July 15, 1996, the Senate amended the definition to its present form, deleting the reference to a conviction for "an offense in another jurisdiction," and replacing it with "a conviction in another state."

■ "The evolution of a proposed statute after its original introduction in the Senate or Assembly can offer considerable enlightenment as to legislative intent. . . . Generally the Legislature's rejection of a specific provision which appeared in the original version of an act supports the conclusion that the act should not be construed to include the omitted provision." (*People* v. *Goodloe* (1995) 37 Cal.App.4th 485, 491 [44 Cal.Rptr.2d 15], citations omitted; *Central Delta Water Agency* v. *State Water Resources Control Bd.* (1993) 17 Cal.App.4th 621, 634-635 [21 Cal.Rptr.2d 453].) Accordingly, "[t]he sweep of [a] statute should not be enlarged by insertion of language which the Legislature has overtly left out." (*People* v. *Brannon* (1973) 32

---

[2]The People ask us to take judicial notice of various documents reflecting the legislative history underlying various amendments to the Act. We grant the request as to exhibits A through D, but deny the request as to exhibits E and F, which are not relevant.

Cal.App.3d 971, 977 [108 Cal.Rptr. 620]; accord, *Traverso* v. *People* ex rel. *Dept. of Transportation* (1996) 46 Cal.App.4th 1197, 1207 [54 Cal.Rptr.2d 434].)

Applying these principles, we may not construe "another state" as used in section 6600 to encompass the more expansive term "another jurisdiction." Had the Legislature intended the application of the Act to have a broader reach, it could have utilized language similar to Penal Code section 668 regarding the use of prior convictions to enhance punishment for new offenses. Penal Code section 668 provides: "Every person who has been convicted *in any other state, government, country, or jurisdiction* of an offense for which, if committed within this state, that person could have been punished under the laws of this state by imprisonment in a state prison, is punishable for any subsequent crime committed within the state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state. The application of the section includes, but is not limited to, all statutes which provide for enhancements for prior convictions and prior prison terms." (Italics added.)

Because commitments under the Act are nonpunitive (*Hubbart* v. *Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584]), Penal Code section 668 has no application in the present case, as it refers to punishment for crimes and thus applies only to sentencing schemes. However, the section illustrates that, when the Legislature intends for prior convictions to be used regardless of where they occurred or by whom they were prosecuted, it knows how to express such an intent clearly.

Here, for purpose of the civil commitment of sexually violent predators, the Legislature limited the use of convictions occurring outside California to those obtained "in another state." "It is for the Legislature, not the courts, to pass upon the social wisdom of such an enactment. And, if there is a flaw in the statutory scheme, it is up to the Legislature, not the courts, to correct it." (*Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788].)

We decline to engage in judicial legislation, under the guise of statutory interpretation, to construe the phrase "conviction in another state" to include a general court-martial in another country. Accordingly, the judgment must be reversed and the petition for commitment dismissed because only one qualifying sexually violent offense against one victim is alleged, and this is not sufficient under the Act.

## DISPOSITION

The judgment is reversed, and the trial court is directed to dismiss the petition for defendant's commitment as a sexually violent predator.

Sims, J., and Callahan, J., concurred.

A petition for a rehearing was denied October 5, 1999.