[No. D019674. Fourth Dist., Div. One. Dec. 17, 1993.]

DOUGLAS HINES, JR., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Francis J. Bardsley, Public Defender, Timothy A. Chandler, Richard P. Siref and Gary Nichols, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Craig E. Fisher, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**FROEHLICH, J.**—In our recent opinion in *Sandeffer* v. *Superior Court* (1993) 18 Cal.App.4th 672 [22 Cal.Rptr.2d 261] we had occasion to construe certain aspects of Penal Code[1] section 1054.3, the new criminal discovery statute resulting from the approval in 1990 of Proposition 115. The trial court in that case had ordered the defense to produce certain documents pertaining to a defense expert witness, including not only the witness's reports but also his "notes." While striking the order on the ground of prematurity (the decision to call the expert as a witness had not as yet been made) we added an advisory comment about the requirement of production of "notes." Observing the specific provisions of the statute, we suggested that "an order requiring the expert to produce his 'notes' in most circumstances would go beyond the specification of discoverable items set forth in the statute." (*Sandeffer* v. *Superior Court, supra,* 18 Cal.App.4th at p. 679.)

---

[1]All statutory references are to the Penal Code unless otherwise specified.

As perhaps could have been predicted, our "dictumish" advice soon led to a trial court order structured to test it. The order in this case required that the defendant provide expert witness discovery including:

"Said reports or statements of any expert that counsel reasonably anticipates calling as a witness shall include all written documentation, including handwritten notes, of the findings of said expert upon any examination done by said expert intended to memorialize the findings of said examination.

"In addition, said discovery shall include any documentation or statements of third persons concerning mental examinations or scientific tests which the testifying expert has referred to, considered or relied upon in connection with said expert opinion counsel intends to offer in evidence at the trial."

The enumeration of discoverable items from the defense contained in section 1054.3 is: ". . . any reports or statements of experts made in connection with the case, and including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the defendant intends to offer in evidence at the trial."

As we noted in *Sandeffer*, citing *In re Littlefield* (1993) 5 Cal.4th 122, 129 [19 Cal.Rptr.2d 248, 851 P.2d 42], all criminal discovery is now " 'governed exclusively by' "—and " 'barred except as provided by' "—section 1054 et seq. (*Sandeffer v. Superior Court, supra,* 18 Cal.App.4th at p. 677.) Petitioner takes exception to the requirement in the order that an expert's "notes" be provided, observing that "notes" may include informal or preliminary work of the expert not rising to the level of a "report." Petitioner also contends that the statute does not contemplate the production of reports of other experts which the testifying expert may have used or relied on in the preparation of his own report. While such material could be discoverable on cross-examination of the expert at trial, petitioner contends the statutory enumeration of discoverable items does not include such collateral reports.

The district attorney counters by advising that the subject order does not require the production of all miscellaneous "notes" which may have found their way into the expert's file, but is limited to "written documentation, including handwritten notes, of the findings of said expert upon any examination done by said expert intended to memorialize the findings of said examination." What is sought here, it is argued, is simply the original documentation of an examination. The expert should not be permitted, it is urged, to insulate these important original items of evidence from discovery

simply by retyping them in a form to be submitted as the expert's formal report.

Respecting the reports of others upon which an expert may rely, the district attorney points out that such reports will become discoverable and can be introduced in evidence when the expert testifies at trial. To postpone the ultimate time of discovery until the trial testimony would subvert one of the goals of the constitutional amendment and the statute, which is "[t]o save court time in trial and avoid the necessity for frequent interruptions and postponements." (§ 1054, subd. (c).)

The district attorney also points out that an objective of Proposition 115 was "to reopen the two-way street of reciprocal discovery . . . [and] 'to *restore balance* and fairness to our criminal justice system.' " (Quoting from *Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 372 [285 Cal.Rptr. 231, 815 P.2d 304], italics in original.) Since discovery is to be equal and reciprocal under Proposition 115, the defense bar should tread warily in asserting narrow interpretations of section 1054, lest it lose broad discovery rights applicable to defense discovery of prosecution materials which were available pre-Proposition 115.[2]

We proceed to examine the specific order in question. ▇ It is our conclusion that the statutory phraseology of "reports or statements . . . including the results of . . . examinations, scientific tests, experiments or comparisons which the respective parties intend to offer in evidence . . ." reasonably should include the original documentation of the examinations, tests, etc. Original documentation, including handwritten notes if that be the case, would seem often to be the best evidence of the test, experiment or examination. An expert should not be permitted to insulate such evidence from discovery by refining, retyping or otherwise reducing the original documentation to some other form.

---

[2]Reference is made to the following discovery rights: the right, either before or during trial, to "notes" of the statements of a prosecution witness (*People* v. *Estrada* (1960) 54 Cal.2d 713, 716 [7 Cal.Rptr. 897, 355 P.2d 641]); handwritten notes of prosecution witness statements even when not exculpatory within the meaning of *Brady* v. *Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194] (*People* v. *Moore* (1987) 189 Cal.App.3d 1537, 1540 [235 Cal.Rptr. 196]); handwritten notes of a witness's interview by police (*In re Gary G.* (1981) 115 Cal.App.3d 629, 640-642 [171 Cal.Rptr. 531]); the prosecution's notes of a witness interview (*People* v. *Williams* (1979) 93 Cal.App.3d 40, 63-64 [155 Cal.Rptr. 414]). The breadth of defense discovery pre-Proposition 115 is perhaps most broadly stated as follows: "[It is an] established principle that in a criminal prosecution an accused is generally entitled to discover all relevant and material information in the possession of the prosecution that will assist him in the preparation and presentation of his defense." (*Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286, 293 [124 Cal.Rptr. 204, 540 P.2d 44]; and see *People* v. *Williams, supra*, 93 Cal.App.3d at p. 64.)

A literal reading of the court's order in this case lends itself to this interpretation. The handwritten notes to be produced are only those of "findings" which were made "to memorialize . . . the examination." Construing any possible ambiguity in the order to conform to statutory limitations rather than to abridge them (see *Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; *Atlantic Richfield Co.* v. *State of California* (1989) 214 Cal.App.3d 533, 538 [262 Cal.Rptr. 683]), we conclude that the court's order was not intended to require discovery of all random "notes" which might be lodged in an expert's file. Nor do we interpret the order to require discovery of interview notes reflecting the defendant's statements which are excepted from discovery under section 1054.3, subdivision (a). The order does not require production of preliminary drafts of reports, or of an expert's notes to himself which reflect his own opinions or interim conclusions. We construe "findings" in the order to mean factual determinations of the expert from observations made during an examination. The order, we believe, in terms of its first paragraph, is not overbroad and does not violate the terms of section 1054.3.

■ Our conclusion as to the second paragraph of the order is, however, to the contrary. Section 1054, subdivision (e) provides that "no discovery shall occur in criminal cases except as provided by this chapter [or by other statutory or constitutional mandate]." Since the discovery of defense material by the prosecution is indeed a new concept introduced by Proposition 115, and virtually no such discovery was available prior thereto, it is reasonable to conclude that *only* those items specified by the statute are now subject to discovery. This is, of course, exactly what the Supreme Court has said: "[A]ll court-ordered discovery is governed exclusively by—and is barred except as provided by—the discovery chapter newly enacted by Proposition 115 (§§ 1054, subd. (e), 1054.5, subd. (a))." (*In re Littlefield*, *supra*, 5 Cal.4th at p. 129.)

Section 1054.3, as it applies to expert reports, provides for the production of "reports or statements of experts made in connection with the case . . . which the defendant intends to offer in evidence at the trial." The report of a nontestifying expert which is in some way utilized by a testifying expert is not a document, at least in ordinary circumstances, which the defendant will intend to offer in evidence. It is not, therefore, literally embraced within the description of the statute. That such subsidiary report may be discoverable as an aspect of cross-examination of the testifying expert does not undermine this conclusion. The defense in criminal trials benefits from all manner of procedural advantages. Being able to protect pretrial divulgence of certain information upon which a defense expert intends to rely is one of them.

While the new discovery provisions equalize to some extent prosecution and defense discovery, they clearly do not (as we explain *post*) achieve complete reciprocity.[3] This is one area in which we believe the defense retains a procedural advantage. The court's order requiring pretrial discovery of subsidiary information upon which an expert relies, but does not intend to offer in evidence, was in our opinion overbroad.

Have we by this restriction on the interpretation of the new discovery statute inferentially deprived the defense of discovery rights it previously enjoyed? We think not. We note, of course, that the new statute in section 1054.1 prescribes with particularity the materials the defense can obtain from the prosecution, and that the provision for witness statements, expert reports and the results of examinations is virtually the same as that provided the prosecution. (Compare § 1054.1, subd. (f) with § 1054.3, subd. (a).) We note, however, that the limitation of discovery contained in section 1054, subdivision (e) to that provided by the new statute *excepts* discovery provided by "other express statutory provisions, or as mandated by the Constitution of the United States."

Our interpretation of the statutory meaning of "reports" and "statements," above, would not impinge upon defense discovery of prosecution witness reports, as provided by *People* v. *Estrada, supra,* 54 Cal.2d at page 716, or *Funk* v. *Superior Court* (1959) 52 Cal.2d 423, 424 [340 P.2d 593]. Much of the discovery available to a defendant under pre-Proposition 115 law was based on federal constitutional concepts, and hence specifically remains applicable.[4] Hence, although we are not called upon in this opinion to construe the new statutory provisions as they relate to defense discovery of prosecution materials, we reject the contention that our decision may have detrimental effects on such discovery.

Let a writ of mandate issue directing the superior court to vacate the portion of its order of September 9, 1993, which required the pretrial

---

[3]See historical survey of Proposition 115 and analysis of its effect upon discovery in 5 Witkin and Epstein, Cal. Criminal Law (2d ed. 1993 pocket pt.) Trial, sections 2498A-2498D, pages 12-17.

[4]For example, a defendant is entitled to any exculpatory evidence. (*Brady* v. *Maryland, supra,* 373 U.S. 83.) The prosecution must disclose all substantial material evidence favorable to the accused including evidence bearing on credibility of a prosecution witness (*People* v. *Morris* (1988) 46 Cal.3d 1, 30 [249 Cal.Rptr. 119, 756 P.2d 843]) which right has been specifically affirmed post-Proposition 115 (*People* v. *Hayes* (1990) 52 Cal.3d 577, 611 [276 Cal.Rptr. 874, 802 P.2d 376]; *People* v. *Hayes* (1992) 3 Cal.App.4th 1238, 1244-1245 [5 Cal.Rptr.2d 105]).

production of subsidiary reports or statements of other parties upon which the expert may have relied in preparing his own report.[5]

Kremer, P. J., and Todd, J., concurred.

---

[5]The discovery order the subject of this opinion was stayed by this court pending resolution of the writ petition. We are advised that the superior court hearing which gave rise to the discovery order was held, the prosecution electing to go forward with the case without the benefit of the materials which might have been produced in accordance with the order. The effectiveness of the order is therefore technically moot, and there is no cause for our vacating the stay. We did not dismiss the writ petition as moot, however, upon the request by both parties that the court decide the matter and provide guidance for the benefit of counsel and trial courts in the crafting of future discovery orders.