[No. C047007. Third Dist. Nov. 18, 2004.]

TANEKA WAYNETTE ROLAND, Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

Counsel

John J. Castellanos for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Ward A. Campbell and Patrick J. Whalen, Deputy Attorneys General, for Real Party in Interest.

Opinion

**SCOTLAND, P. J.**—Taneka Roland, the defendant in a criminal prosecution, seeks writ relief to compel the trial court to vacate its order directing her attorney to provide the prosecution with reports of relevant unrecorded oral statements provided to the defense by persons, other than Roland, whom her attorney intends to call as witnesses at trial. We issued an alternative writ and stayed further proceedings in the trial court pending our resolution of the discovery dispute.

■ This proceeding requires us to interpret section 1054.3 of the Penal Code, which governs the discovery obligations of parties to a criminal prosecution. (Further section references are to the Penal Code unless otherwise specified.) In Roland's view, that section compels the defense to disclose to the prosecution only relevant videotaped, tape-recorded, or *written* statements of witnesses whom defendant intends to call at trial; it does not require the defense to provide the prosecution with reports of relevant unrecorded *oral* statements made by defense witnesses. We disagree.

■ As we will explain, based upon the plain meaning of the words and the grammar used in section 1054.3, considered together with the purpose of the statute, we conclude that it requires defense counsel to disclose to the prosecution *all* relevant statements made by persons, other than the defendant, whom the defense intends to call as witnesses at trial, including unrecorded oral statements relayed to defense counsel in an oral report by a third party, such as an investigator, and oral statements made by the person directly to defense counsel.

Accordingly, we shall deny Roland's petition for a writ of mandate or prohibition.

## DISCUSSION

### I

At a pretrial conference, the prosecutor advised the trial court that defense counsel recently notified him of seven new witnesses who would be testifying on Roland's behalf at trial. Over the objection of her counsel, the court ruled that pursuant to section 1054.3, the defense must give to the prosecutor any reports of relevant statements made to the defense by those witnesses, regardless of whether the reports were written or oral. The court gave counsel the option of handing over copies of written reports of the witnesses' statements, or simply telephoning the prosecutor and providing him with an oral summary of their statements.

Roland contends that nothing in the language of section 1054.3 compels a defendant to disclose to the prosecutor any reports of unrecorded oral statements her prospective witnesses provided to the defense. Therefore, she argues the trial court lacked the authority to require her counsel to do so.

To resolve this dispute, we first examine the genesis of the discovery obligations set forth in section 1054.3 and summarize rules that courts apply in interpreting the meaning of statutes.

### II

■ In criminal proceedings, "all court-ordered discovery is governed exclusively by—and is barred except as provided by—the discovery chapter . . . enacted by Proposition 115." (*In re Littlefield* (1993) 5 Cal.4th 122, 129 [19 Cal.Rptr.2d 248, 851 P.2d 42]; §§ 1054, subd. (e), 1054.5, subd. (a).)

Proposition 115 added a constitutional provision calling for reciprocal discovery in criminal cases (Cal. Const., art. I, § 30), and enacted implementing statutes requiring disclosure by both the prosecution (§ 1054.1) and the defense (§ 1054.3), imposing on each party a continuing duty of disclosure (§ 1054.7), specifying that certain materials are not subject to disclosure (§ 1054.6), providing for protective orders (§ 1054.7), and authorizing sanctions to enforce compliance (§ 1054.5, subd. (c)).

■ Voter initiatives are interpreted according to the same principles that govern statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].) ■ Thus, in construing the provisions of the criminal discovery statutes enacted by Proposition 115, "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure. [Citations.]" (*In re Littlefield, supra*, 5 Cal.4th at p. 130.)

To determine the voters' intent, we look to the language of the statutes, giving the words their usual and ordinary meaning. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230–231 [99 Cal.Rptr.2d 570, 6 P.3d 228].) If the words are unambiguous, "we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].) If the words are ambiguous and "amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Therefore, " '[i]f possible, the words should be interpreted to make them workable and reasonable . . . , in accord with common sense and justice, and to avoid an absurd result . . . .' [Citations.]" (*People v. Hunt* (1999) 74 Cal.App.4th 939, 947 [88 Cal.Rptr.2d 524].) "The intent of the law prevails over the letter of the law, and ' "the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.]' " (*People v. Canty* (2004) 32 Cal.4th 1266, 1276–1277 [14 Cal.Rptr.3d 1, 90 P.3d 1168].)

In enacting the criminal discovery statutes, the voters' intent "was to reopen the two-way street of reciprocal discovery" (*Izazaga v. Superior Court* (1991) 54 Cal.3d 356, 372 [285 Cal.Rptr. 231, 815 P.2d 304]), and "restore balance and fairness to our criminal justice system." (Prop. 115, § 1(a).) Section 1054 expressly states that the discovery chapter "shall be interpreted" to "promote the ascertainment of truth in trials by requiring timely pretrial discovery" and to "save court time in trial and avoid the necessity for frequent interruptions and postponements." (§ 1054, subds. (a), (c).) "These objectives reflect, and are consistent with, the judicially recognized principle that timely pretrial disclosure of all relevant and reasonably accessible information, to the extent constitutionally permitted, facilitates 'the true purpose of a criminal trial, the ascertainment of the facts.' [Citations.]" (*In re Littlefield, supra,* 5 Cal.4th at pp. 130–131; see generally Pipes and Gagen, Cal. Crim. Discovery (3d ed. 2003) Disclosure by Prosecutor, §§ 3.23–3.24.3, pp. 298–301 (Pipes and Gagen).)

With this framework in mind, we turn to Roland's challenge to the trial court's interpretation of section 1054.3.

### III

Section 1054.3 states in pertinent part: "The defendant and his or her attorney shall disclose to the prosecuting attorney: [¶] (a) The names and addresses of persons, other than the defendant, he or she intends to call as witnesses at trial, together with any relevant written or recorded statements of those persons, or reports of the statements of those persons[.]" The plain meaning of this language encompasses not only formal written statements signed by a witness, or oral statements that are videotaped or tape-recorded,

but also covers a defense investigator's "raw written notes" of a witness's statements. (*Thompson v. Superior Court* (1997) 53 Cal.App.4th 480, 486 [61 Cal.Rptr.2d 785].)

■ But the requirement of section 1054.3 is not limited to "relevant written or recorded statements" of intended witnesses, other than the defendant; the defense also has an obligation to disclose "reports of the statements of those persons." Therefore, we must interpret what is meant by this latter phrase.

We first address how the statutory directive applies to reports from third parties, like an investigator, transmitted to defense counsel regarding statements made by those witnesses.

In the trial court, Roland's counsel argued section 1054.3 only requires divulging *written reports* concerning *written or recorded* statements of witnesses. Accordingly, he claimed that he does not have to disclose *oral reports* that he received from his investigator regarding *oral statements* made by witnesses whom the defense intends to call at trial. The trial court disagreed, and so do we.

■ As we shall explain, an analysis of the plain meaning of the words and the grammar used in section 1054.3, considered together with the purpose of the statute, leads to the inevitable conclusion that its disclosure requirement applies to relevant oral statements of witnesses communicated orally to defense counsel by third parties, such as an investigator. (Pipes and Gagen, *supra*, §§ 3.23–3.24.3, pp. 298–301.)

■ Section 1054.3 states that the defense must disclose to the prosecutor the names and addresses of witnesses, other than the defendant, whom the defense intends to call at trial, "together with any relevant written or recorded statements of those persons, or reports of the statements of those persons." The statute's use of the word "or" rather than "and," as well as its use of a comma to separate "statements" from "reports of the statements," indicates that the words "written or recorded" modify "statements," not "reports of the statements." (Pipes and Gagen, *supra*, §§ 3.24.1, 3.24.3, pp. 299, 300–301.) ■ While not of controlling importance, punctuation is part of a statute and should be considered in its interpretation in attempting to give the statute the construction intended by the drafter. (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 224–225 [38 Cal.Rptr.2d 35]; *People v. Henson* (1991) 231 Cal.App.3d 172, 176 [282 Cal.Rptr. 222].)

█ And section 1054.3 uses the phrase "of those persons" twice, rather than simply stating "written or recorded statements or reports of the statements of those persons." This additional use of the phrase "of those persons" between the phrases "written or recorded statements" and "reports of the statements" is surplusage unless it is intended to separate and distinguish the two categories. (Pipes and Gagen, *supra*, § 3.24.2, pp. 299–300.) It is an established rule of statutory construction that we must "presume[] that every word, phrase and provision used in a statute was intended to have some meaning and to perform some useful office, and a construction making some words surplusage is to be avoided." (*California Sch. Employees Assn. v. Oroville Union High Sch. Dist.* (1990) 220 Cal.App.3d 289, 294 [269 Cal.Rptr. 90]; see also *Thompson v. Superior Court, supra*, 53 Cal.App.4th at p. 486.)

█ Indeed, the plain meaning of the language of section 1054.3 indicates its requirement to disclose "reports of the statements" of intended witnesses is not limited to written reports of their *written* statements. █ A "statement" is defined in Evidence Code section 225, subdivision (a) as "oral or written verbal expression . . . ." █ Hence, section 1054.3's first requirement—to disclose "relevant written or recorded statements" of intended witnesses, other than the defendant—clarifies that this phrase applies only to written or recorded statements, not oral statements encompassed by the ordinary definition of "statements." However, the second requirement—to disclose "reports of the statements" of those witnesses—is not similarly limited and, thus, covers statements left out of the first requirement, namely, the oral statements of intended witnesses, other than the defendant. This is necessarily so because if "reports of the statements" of those witnesses applies only to reports of written or recorded statements, the second phrase would be surplusage since written or recorded statements must be disclosed pursuant to the first directive. (Pipes and Gagen, *supra*, §§ 3.24, 3.24.2, pp. 298–300.) As we have noted above, courts must avoid interpreting a statute in a way that will make some of its words surplusage. (*Thompson v. Superior Court, supra,* 53 Cal.App.4th at p. 486; *California Sch. Employees Assn. v. Oroville Union High Sch. Dist., supra,* 220 Cal.App.3d at p. 294.)

█ If the voters intended by section 1054.3 to limit the duty of disclosure to *written* reports received by defense counsel, they could have directed counsel to give to the prosecutor the names and addresses of witnesses whom counsel intends to call at trial, together with any relevant written or recorded statements of those persons, or *written* reports of the statements of those persons. (Pipes and Gagen, *supra*, § 3.24.1, p. 299.) The statute does not do so, and we may not add

the omitted language to the statute. (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827 [4 Cal.Rptr.2d 615, 823 P.2d 1216]; *People v. Hunt, supra,* 74 Cal.App.4th at p. 946; Code Civ. Proc., § 1858.)

Not only does the plain meaning and grammatical structure of the language of section 1054.3 lead to an interpretation that its disclosure requirement applies to oral statements of witnesses that are communicated orally to defense counsel by third parties, this interpretation comports with the voters' intent in passing Proposition 115, i.e., (1) to implement a system of " 'liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases' " (*Hobbs v. Municipal Court* (1991) 233 Cal.App.3d 670, 686 [284 Cal.Rptr. 655], disapproved on another point in *People v. Tillis* (1998) 18 Cal.4th 284, 295 [75 Cal.Rptr.2d 447, 956 P.2d 409]), (2) "[t]o promote the ascertainment of truth in trials by requiring timely pretrial discovery" (§ 1054, subd. (a)), and (3) "[t]o save court time in trial and avoid the necessity for frequent interruptions and postponements." (§ 1054, subd. (c).)

Interpreting section 1054.3, and concomitantly section 1054.1,[1] to include witnesses' oral statements contained in oral reports to counsel will help ensure that both parties receive the maximum possible amount of information with which to prepare their cases, which in turn facilitates the ascertainment of the truth at trial. This objective is undermined if oral statements reported to counsel are excluded from the statute's disclosure requirement. Roland does not proffer any cogent reasons why the search for the truth should be limited to written, videotaped, or tape-recorded statements of intended witnesses.

While defense counsel does not have a duty to obtain written statements from witnesses (*In re Littlefield, supra,* 5 Cal.4th at p. 136), counsel is not entitled to withhold any relevant witness statements from the prosecution by the simple expedient of not writing them down. "[S]uch gamesmanship is inconsistent with the quest for truth, which is the objective of modern discovery." (*In re Littlefield, supra,* 5 Cal.4th at p. 133.) The fact that the defense intends to call a witness at trial indicates counsel believes that the witness has something meaningful to contribute to this quest for truth. Consequently, the defense must disclose the anticipated testimony to the prosecutor prior to trial, just as the prosecutor must disclose to the defense any reports of relevant statements made by the People's witnesses. (§ 1054.1; see fn. 1, *ante.*)

---

[1] Section 1054.1 provides in pertinent part: "The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies: [¶] . . . [¶] (f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, . . ."

Indeed, "[s]ince discovery is to be equal and reciprocal under Proposition 115, the defense bar should tread warily in asserting narrow interpretations of section 1054, lest it lose broad discovery rights applicable to defense discovery of prosecution materials which were available pre-Proposition 115." (*Hines v. Superior Court* (1993) 20 Cal.App.4th 1818, 1822 [25 Cal.Rptr.2d 712], fn. omitted.)

Accordingly, we interpret section 1054.3 to require the defense to disclose to the prosecutor not only relevant written or recorded statements made by witnesses, other than the defendant, whom the defense intends to call at trial, but also requires the defense to disclose reports of any relevant untaped *oral statements* of those witnesses *communicated orally to defense counsel* by third parties, such as an investigator.

However, this conclusion does not end our inquiry, because the trial court's ruling was not limited to disclosing reports received from third parties about statements made by witnesses; it also encompassed the disclosure of relevant oral statements made by witnesses directly to defense counsel. Thus, we must determine whether "reports of the statements of those persons" the defense intends to call as witnesses at trial may be interpreted in this manner.

IV

■ The word "report" has various definitions, including "to give an account of," "to relate the words or sense of (something said)," or "something that gives information." (Webster's 3d New Internat. Dict. (1965) p. 1925.) It also is defined as "[a] formal oral or written presentation of facts . . . ." (Black's Law Dict. (7th ed. 1999) p. 1303, col. 1.)

When the defense intends to call certain witnesses, other than the defendant, to testify at trial, an obligation to disclose relevant "reports of the statements of those persons" (§ 1054.3, subd. (a)) can be interpreted in two ways: (1) as requiring the defense to disclose only reports, whether oral or written, which counsel receives from a third party, such as an investigator;[2] or (2) as imposing an obligation to report *any* relevant statements made by those intended witnesses, including oral statements they have made directly to defense counsel.

We conclude the latter interpretation is more reasonable because it comports with the voters' intent to promote the ascertainment of truth in trials by

[2] Such an interpretation would not cover oral statements made by witnesses directly to defense counsel, since those witnesses are communicating their statements to counsel, not providing counsel with reports of their statements.

requiring timely pretrial discovery of all relevant and reasonably accessible information. (*In re Littlefield, supra,* 5 Cal.4th at pp. 130–131; § 1054, subd. (a).) This objective is achieved only if section 1054.3 is interpreted to require not only the disclosure of relevant written and recorded statements of intended witnesses, other than the defendant, but also the disclosure of relevant oral statements communicated directly to counsel by such a witness or communicated to counsel via an investigator or some other third party.

There is no logical reason to require both the prosecutor and defense counsel to disclose to each other all of the written statements and reports of relevant oral statements of witnesses, other than the defendant, whom they intend to call at trial, but not require them to disclose to each other oral statements such witnesses made directly to counsel.

In fact, excluding such statements from the disclosure requirement of section 1054.3—and concomitantly section 1054.1—would undermine the voters' intent because it would permit defense attorneys and prosecutors to avoid disclosing relevant information by simply conducting their own interviews of critical witnesses, instead of using investigators to perform this task, and by not writing down or recording any of those witnesses' statements. As noted previously, "such gamesmanship is inconsistent with the quest for truth, which is the objective of modern discovery." (*In re Littlefield, supra,* 5 Cal.4th at p. 133.)

As noted by the California Supreme Court, an objective of the voters in passing Proposition 115 was "to permit the prosecution a reasonable opportunity to investigate prospective defense witnesses before trial so as to determine the nature of their anticipated testimony [and] to discover any matter that might reveal a bias or otherwise impeach the witnesses'[s] testimony." (*In re Littlefield, supra,* 5 Cal.4th at p. 131.) Only our interpretation of section 1054.3 achieves this objective because, without the disclosure of relevant oral as well as written and recorded statements of witnesses the defense intends to call at trial, the prosecutor will not have a reasonable opportunity to determine the nature of their anticipated testimony because those witnesses often refuse to talk with the prosecutor.

 For all of the reasons stated above, the trial court correctly ordered Roland's counsel to disclose to the prosecutor all relevant statements made by witnesses, other than Roland, whom the defense intends to call at trial,

including unrecorded oral statements relayed to defense counsel by a third party in an oral report, and oral statements made by a witness directly to Roland's counsel.

## V

Roland claims the trial court's order "operates to violate [her] state and federal privilege against self incrimination, effective assistance of counsel, her Attorney-Client Privilege and/or the Attorney Work Product Doctrine because it operates to place upon defense counsel an affirmative obligation to seek information to aid the prosecution and lighten his burden in seeking a conviction of [Roland]." However, she adds no legal authority or analysis to this contention.

Thus, Roland fails to address decisions that already have rejected similar claims. (See, e.g., *Izazaga v. Superior Court, supra,* 54 Cal.3d at pp. 365–372, 379–382 (*Izazaga*) [the disclosure required of the defense by section 1054.3 does not violate state and federal constitutional privileges against compelled self-incrimination or the right to the effective assistance of counsel]; *Hobbs v. Municipal Court, supra,* 233 Cal.App.3d at pp. 683–686, 689–695 (*Hobbs*) [section 1054.3 does not violate the privilege against compelled self-incrimination, the right to the effective assistance of counsel, or the work product doctrine].)

 *Izazaga* held that the privilege against self-incrimination is not violated by requiring the defense to disclose statements made by intended witnesses other than the defendant because the privilege protects a defendant only against being incriminated by his or her own compelled testimonial statements. (*Izazaga, supra,* 54 Cal.3d at pp. 366–372; see also *Hobbs, supra,* 233 Cal.App.3d at p. 686.) If Roland does not want to disclose a third person's statements because they are inculpatory, she has the option of not calling the person as a witness. (*Izazaga, supra,* 54 Cal.3d at p. 379.)

 The disclosure requirement of section 1054.3 also does not violate the attorney-client privilege, which allows a defendant "to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer." (Evid. Code, § 954.) "[A] 'client' includes a person who 'consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity' [citation], while 'confidential communications' include 'information transmitted between a client and his or her lawyer in the course of that relationship and in

confidence' [citation]." (*People v. Gionis* (1995) 9 Cal.4th 1196, 1207 [40 Cal.Rptr.2d 456, 892 P.2d 1199].) Section 1054.3 encompasses only the statements of intended witnesses other than a defendant. Requiring the disclosure of such statements does not violate the attorney-client privilege because a defendant's communications with counsel will not be revealed.

 Nor is there a violation of the attorney work product doctrine. (*Hobbs, supra*, 233 Cal.App.3d at pp. 690–695.) Consistent with that doctrine, "[a]ny writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any ·circumstances." (Code Civ. Proc., § 2018, subd. (c).) Section 1054.6 of the statutory scheme "explicitly protects the work product privilege" by stating that a defendant is not required to disclose any materials or information that constitute attorney work product. (*Hobbs, supra*, 233 Cal.App.3d at p. 690.) "To the extent that a report of a witness interview reflects an attorney's mental processes, it is exempted from discovery by section 1054.6, and a party can seek a protective order to that effect (see Code Civ. Proc., § 2031, subd. (e)) or an in camera review in which the privileged material can be excised." (*Hobbs, supra*, 233 Cal.App.3d at p. 692.) However, statements or reports that merely reflect what an intended witness said during an interview are not work product. (*Ibid.*) Nothing in the record before us suggests that the prosecution is seeking, or that the court has ordered, disclosure of anything other than the statements of the witnesses themselves.

 We also reject Roland's claim that the disclosure requirement violates her right to effective assistance of counsel. " 'The Sixth Amendment does not confer the right to present testimony free from legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a justification for presenting what might have been a half-truth.' [Citation.]" (*Hobbs, supra*, 233 Cal.App.3d at p. 690.)

 In any event, our interpretation of section 1054.3 does not "operate[] to place upon defense counsel an affirmative obligation to seek information to aid the prosecution" as defendant contends. The statute does not impose upon defense counsel a duty to seek or obtain statements from persons; it simply requires that if relevant statements are obtained from persons other than the defendant, whom the defense intends to call as witnesses at trial, counsel cannot refuse to disclose them to the prosecutor.

## DISPOSITION

The petition for writ of mandate or prohibition is denied. Having served their purposes, the alternative writ is discharged, and the stay previously issued by this court is vacated upon the finality of this opinion.

Sims, J., and Morrison, J., concurred.