Filed 7/30/25  P. v. Corpus CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDY CORPUS,<br><br>    Defendant and Appellant. | H052025<br>(Santa Cruz County<br>Super. Ct. No. 23CR04737) |

Defendant Rudy Corpus pleaded no contest to one count of assault by means of force likely to cause great bodily injury.  Prior to sentencing, Corpus learned the prosecution had failed to disclose a statement from the victim expressing her reluctance to testify at trial.  Corpus moved to withdraw his plea, and the trial court denied the motion.

Corpus contends the trial court erred in denying his motion to withdraw the plea.  He argues the victim's statement constituted exculpatory evidence, and that the prosecution's failure to disclose it tainted the plea with mistake, ignorance, and fraud, thereby establishing good cause for withdrawal.

For the reasons below, we conclude the trial court did not abuse its discretion in denying the motion.  We affirm the judgment.

I. Factual and Procedural Background

## A. *Procedural Background*

The prosecution charged Corpus with five counts: counts 1 and 5—felony assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1]; count 2—felony false imprisonment by violence (§ 236); count 3—grand theft of personal property (§ 487, subd. (a)); and count 4—second degree robbery (§ 211).

In a plea agreement, Corpus pleaded no contest to count 1 as charged. In accord with the agreement, the trial court suspended imposition of sentence and granted Corpus a two-year term of formal probation with 301 days in county jail, which the court deemed served at the time of sentencing. The court granted the prosecution's motion to dismiss counts 2, 3, 4, and 5.

Corpus timely filed a notice of appeal, and the trial court granted his request for a certificate of probable cause.

## B. *Facts of the Offense*

At the preliminary hearing, Brenda Doe testified that she met Corpus through a mutual friend. Doe had known Corpus for about five months, and she described their relationship as "partners." Doe never referred to Corpus as her boyfriend and did not consider the relationship romantic, but Corpus referred to her as his girlfriend. They saw each other almost every day. Doe testified that she wanted to be nice to Corpus and she would bring him food when she could, but over time she felt it had become "almost like a duty."

In October 2023, Doe brought lunch to Corpus, who was living in his car. Corpus complained about the food, pulled Doe into the back of his car, and started throwing dishes at her. He hit her head with Tupperware dishes about three times, causing her pain that lasted for several days. When Doe tried to open the door to get out, Corpus laid her

---

[1] Subsequent undesignated statutory references are to the Penal Code.

down in the car and choked her with both hands. When she tried to push him away, he kept one hand on her neck and used the other to scratch, grab, or pinch her face. Doe testified that she could not breathe, and she felt like she was beginning to lose consciousness. Corpus started spitting on Doe's face, whereupon she stopped struggling and he let go of her.

Doe then got out of the car and attempted to escape, but Corpus caught up with her. He grabbed her from behind, hit her in the back, and forced her back into the car. He called her "[b]itch," and told her, "you are going to pay for this." He kept her in the car for five to six hours, during which he choked her multiple times. At one point during the struggle, he grabbed her shirt and broke her bra strap.

After the incident, Doe had trouble swallowing water. Her left eye was purple, her neck was swollen, and she had bruises and scratches all over her body. The police photographed her injuries.

In November 2023, Corpus choked Doe again in the middle of the street. Doe testified that she felt foam in her mouth, she could not breathe, and she sensed her throat closing. Several people witnessed the assault and called the police. Doe told the police she had only been arguing with Corpus, that there had been no physical altercation, and that "it wasn't a big deal." She was crying, however, and she was worried about what might happen to Corpus. Corpus was subsequently arrested. Doe sent a text message to Corpus and received a message from him while he was in custody.

## II. DISCUSSION

Corpus contends the trial court erred in denying his motion to withdraw the plea because the motion was supported by good cause—specifically, the prosecution's failure to disclose a witness's exculpatory statement. The Attorney General contends the trial court properly denied the motion because Corpus failed to show good cause by clear and convincing evidence. The Attorney General further argues Corpus has not demonstrated prejudice because the evidence does not show he would have rejected the plea had he

3

known of Doe's reluctance to testify, and that his motion was motivated instead by "buyer's remorse."

A. *Procedural History of the Motion to Withdraw the Plea*

In December 2023, Doe testified at the preliminary hearing as set forth above. Corpus voluntarily absented himself from the hearing.

In February 2024, the parties announced they were ready for trial, and Corpus filed a witness list and motions in limine. The trial court granted Corpus's motion to dismiss count 4 (second degree robbery) under section 995.

The next day, the prosecution filed a statement of facts, witness and exhibit lists, and motions in limine. That same day, the trial court called the case at the trial calendar call, whereupon the parties announced they had resolved the matter and Corpus entered his plea.

In March 2024, probation filed a presentence report which included the following statement from the prosecutor sent by e-mail to the probation officer: "The People are incredibly concerned about Mr. Corpus's actions in this case, especially in light of his lengthy history. However, in our continued conversations with the victim in this case, she made it clear to the People that *she did not want to testify at the jury trial*. She had already testified once at the preliminary hearing (without Mr. Corpus being present, as he had refused to attend the hearing), and did not feel comfortable or safe testifying again in front of Mr. Corpus himself. We had very thorough discussions about the measures we could take to keep her safe, but *the victim did not want to proceed*. In trying to balance our concerns about Mr. Corpus's acts of violence with the victim's wishes to resolve the case without a jury trial, the People entered this plea bargain. The level of fear that the victim expressed about testifying only adds to the People's concerns about Mr. Corpus, but we are hopeful that he will take this grant of probation seriously, with the understanding that he faces severe consequences if he fails to follow through with his requirements." (Italics added.)

Corpus then filed a written motion to withdraw his plea, supported by a declaration from defense counsel. Counsel's declaration asserted the following facts: During the trial readiness hearing, the prosecution offered to settle the matter for a grant of probation if Corpus would agree to enter a plea to one felony count. Defense counsel believed the prosecution was making the offer because Doe had several prior police contacts that cast doubt on her credibility, and counsel's investigation had corroborated the nature of the contacts. When counsel raised the topic, the prosecutor "indicated that we did not need to discuss these issues due to the offer of probation."

Defense counsel's declaration further asserted, "At no time was I aware that [Doe] was reluctant to testify at trial." Counsel and Corpus had discussed whether Doe would testify at trial, and "it seemed likely" to counsel that Doe would testify just as she had at the preliminary hearing. Counsel had not been provided with any written or oral statement concerning Doe's conversations with the prosecution after the preliminary hearing. Upon reviewing probation's presentence report, counsel learned of Doe's statement to the prosecution " 'ma[king] it clear that she did not want to testify at the jury trial . . .' " Finally, counsel declared, "[h]ad this information been conveyed to me during that chambers conference, it would have affected the conversation I had with Mr. Corpus regarding resolution. [¶12] Following my conversation with Mr. Corpus he decided to change his plea, and entered a plea of no contest to count one of the Information."

The prosecution filed a written opposition to Corpus's motion to withdraw his plea. The prosecution argued Corpus did not have good cause to withdraw his plea because Doe had never conveyed a refusal to cooperate and never gave any indication her testimony at trial would differ from her testimony at the preliminary hearing. The prosecution asserted Doe had been subpoenaed and never indicated she would refuse to appear or testify upon taking the stand. The prosecution argued her reluctance was caused solely by her fear of Corpus, which was well-founded given his violent conduct in the past. Even assuming Doe would have refused to testify, the prosecution argued her

5

testimony from the preliminary hearing could have been introduced into evidence at trial and corroborated by multiple witnesses who had observed her demeanor and injuries on her body immediately after the first incident. Furthermore, the prosecution intended to introduce photographs and medical records documenting her injuries. As to the second incident, the prosecution asserted there were at least four 911 callers who personally witnessed it.

At a hearing on the matter, the trial court denied the motion to withdraw. The trial court made several findings of fact in the course of its ruling. First, the court found Corpus "was set to go to trial" until the prosecution offered him a plea deal—which Corpus accepted—for probation and a jail term based on his credits for time served if he pleaded to a single non-strike count. Second, defense counsel was under the impression at the time that Doe was willing to testify at trial, and counsel advised Corpus accordingly. Third, counsel also believed the prosecution's offer was motivated by concerns about Doe's credibility based on evidence related to her prior convictions and a lack of confidence in the prosecution's case. Counsel then learned that, in addition to having credibility issues, Doe was also reluctant to testify, whereupon the defense alleged Doe's reluctance was a "significant factor" that would have changed Corpus's mind with respect to the plea.

Furthermore, the trial court found Doe's reluctance to testify was not a *refusal* to testify. The court found, "[C]learly this wasn't a refusal, she clearly came in and testified at the [preliminary hearing], obviously it wasn't fun for her, but she willingly did that and was willing to come back, but did not want to." The court expressed skepticism that the disclosure of Doe's reluctance to testify would have affected defense counsel's advice or Corpus's decision whether to accept the plea offer because they were already under the impression the prosecution's case had been weakened by problems with Doe's credibility. The court concluded there was nothing "significantly different" from the

6

information that defense counsel and Corpus already had at the time of the plea. On these grounds, the court tentatively denied the motion to withdraw.

Corpus personally addressed the court as follows: "I don't agree with you denying the motion, but however you do deny the motion -- and the deal does stand, right? The deal does stand, right? I'm taking the deal, right, so my plea remains, right?" The court confirmed that, upon denying the motion to withdraw, the court would sentence Corpus to credit for time served. Corpus indicated that he disagreed with counsel's stipulation to a factual basis for the plea, and he added, "I wanted to go to trial, but like I hope that -- I'm going to get out." He expressed his intentions to "better my life" and asked the court to show leniency in the event he violated the terms of his probation. Corpus stated, "I don't really want to go to prison. The deal, it's a fucked up deal I think, but I just want you to know that."

The trial court then denied Corpus's motion to withdraw his plea and pronounced judgment as set forth above.

## B. *Legal Principles*

"At any time before judgment, or within six months after an order granting probation if entry of judgment is suspended, a trial court may permit a defendant to withdraw a guilty plea for 'good cause shown.' (§ 1018.) 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed . . . to promote justice.' A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim. [Citation.]" (*People v. Patterson* (2017) 2 Cal.5th 885, 894 (*Patterson*).) Inadvertence and fraud may also constitute factors overcoming the exercise of free judgment. (*People v. Breslin* (2012) 205 Cal.App.5th 1409, 1416 (*Breslin*).) Good cause does not exist where a defendant has simply changed his mind. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

7

"A trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 is reviewed for abuse of discretion. [Citation.]" (*Patterson*, *supra*, 2 Cal.5th at p. 894.) "We accept the trial court's factual findings to the extent they are supported by substantial evidence. [Citation.] Substantial evidence is 'reasonable, credible, and of solid value.' [Citation.] Such evidence also ' "inspires confidence that the ultimate fact it addresses has been justly determined." ' [Citation.]" (*People v. Lopez* (2021) 66 Cal.App.5th 561, 574.)

To prevail on appeal, a defendant must also show prejudice—i.e., they must show they would not have accepted the plea offer had it not been for the mistake or other factors establishing good cause. (*In re Moser* (1993) 6 Cal.4th 342, 352; *Breslin*, *supra*, 205 Cal.App.5th at p. 1416.)

**C.** ***Denial of the Motion to Withdraw the Plea Was Not An Abuse of Discretion***

Corpus contends the prosecution's failure to disclose Doe's statement constituted good cause to withdraw his plea because the plea was tainted by mistake, ignorance, and fraud. As part of this argument, he contends the prosecution violated its discovery obligations because the statement constituted exculpatory evidence under section 1054.1, subdivision (e), and the statement of a witness under subdivision (f). The Attorney General argues section 1054.1 did not require the prosecution to disclose Doe's statement, but that even assuming disclosure was required, Corpus has not demonstrated prejudice because the evidence does not show he would have rejected the plea offer had he known of Doe's statement.

Section 1054.1, subdivision (e) requires the prosecuting attorney to disclose "[a]ny exculpatory evidence" to the defense. Corpus argues Doe's statement constituted exculpatory evidence because her reluctance to testify was consistent with his being innocent since it suggested she did not want to confess she had falsely accused him of assaulting her. Corpus points to nothing in the record to support this interpretation, and it is inconsistent with Doe's having willingly testified to the assaults at the preliminary

8

hearing. Her testimony at that hearing—from which Corpus had absented himself—is consistent instead with Doe being reluctant to testify at trial for the reasons stated in the prosecution's e-mail to the probation officer: that Doe "did not feel comfortable or safe testifying again in front of Mr. Corpus himself." As the Attorney General points out, evidence that Doe feared Corpus was hardly favorable to his defense.

Section 1054.1, subdivision (f) requires the prosecuting attorney to disclose "[r]elevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial . . . ." The Attorney General argues this subsection did not require disclosure of Doe's statement because it was neither written nor recorded. Corpus argues the prosecution was required to disclose it nonetheless. (See *People v. Hughes* (2020) 50 Cal.App.5th 257, 280 [courts routinely require disclosure of even oral statements made to counsel]; *Roland v. Superior Court* (2004) 124 Cal.App.4th 154, 167 [construing section 1054.3 to require disclosure of relevant oral statements of witnesses communicated orally to defense counsel].)

We need not decide whether section 1054.1 required the prosecution to disclose Doe's statement. First, Corpus does not assert any discovery violation as a standalone claim on appeal. Any such claim would be forfeited for appeal because defense counsel never argued below that the prosecution violated its discovery obligations under section 1054.1 or any other authority. Second, even assuming the prosecution failed to honor its discovery obligations, a discovery violation does not necessarily constitute good cause to withdraw a plea. The question is whether Corpus has shown by clear and convincing evidence that his free judgment was overcome by mistake, ignorance, duress, fraud, or inadvertence. (See *People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1506 (*Ramirez*) [the state's suppression of favorable evidence is an extrinsic cause which *may* overcome the exercise of free judgment].)

Corpus contends *Ramirez* supports his claim. In *Ramirez*, several suspects robbed the occupants of a car at gunpoint and took their car. (*Ramirez*, *supra*, 141 Cal.App.4th

9

at pp. 1503-1504.) More than four hours after the carjacking, the police found Ramirez driving the car. The prosecution charged him with carjacking, armed robbery, and other related offenses, exposing Ramirez to a maximum prison sentence of 17 years eight months with three strike priors. (*Id.* at p. 1503.) Ramirez agreed to plead no contest to reduced charges for a 12-year sentence and one strike prior. After he entered his plea, defense counsel learned of a previously undisclosed police report with statements from multiple witnesses who identified the robber and carjacker as a man named Guzman. (*Id.* at pp. 1504-1505.) Prior to Ramirez's plea, the police had arrested Guzman, who confessed that he and another man—not Ramirez—had committed the robbery and carjacking. The prosecution disclosed the police report to the defense after Ramirez entered his plea, whereupon he moved to withdraw his plea under section 1018, but the trial court denied the motion. (*Id.* at pp. 1506-1507.)

The Court of Appeal held the trial court's denial of Ramirez's motion was an abuse of discretion, and the court reversed the judgment. (*Ramirez*, *supra*, 141 Cal.App.4th at pp. 1507-1508.) The court concluded the prosecution had ample time to disclose the police report prior to Ramirez's plea, and that the failure to do so constituted good cause for him to withdraw his plea under section 1018. (*Id.* at pp. 1506-1507.) "The new information was favorable to appellant and cast the case against him in a different light by significantly weakening the evidence supporting the carjacking charges." (*Id.* at p. 1506.) Moreover, Ramirez's trial counsel declared the police report " 'would have affected my evaluation of the case, and would have altered my advice to Mr. Ramirez regarding whether he should accept the plea bargain agreement. . . . I would have advised Mr. Ramirez to go forward with the preliminary hearing before deciding whether or not to accept the plea bargain offer.' " (*Id.* at p. 1507.)

*Ramirez* provides little support for Corpus's claim. The *Ramirez* court's discussion of the undisclosed police report showed that the report clearly constituted exculpatory evidence. Furthermore, Ramirez's trial counsel set forth grounds showing

10

that timely disclosure of the report likely would have caused *Ramirez* not to enter the plea at that time. By contrast, Corpus's theory for why Doe's undisclosed statement constituted exculpatory evidence is entirely speculative. (See, e.g., *People v. Gutierrez* (2003) 112 Cal.App.4th 1463, 1472 [*Brady* does not require the disclosure of information that is of mere speculative value].) As such, defense counsel never even asserted that Doe's statement was exculpatory as an argument for the motion to withdraw. And unlike Ramirez's trial counsel, Corpus's counsel never declared she would have advised him not to accept the plea had she known of Doe's statement. Counsel declared instead that, had the statement been disclosed at the time, "it would have affected the conversation I had with Mr. Corpus regarding resolution." Consistent with her declaration, counsel never argued at the hearing that knowledge of Doe's statement would have caused her to advise him not to accept the plea; she argued only that it would have been a "significant factor" in her discussions with him. And indeed, counsel's written motion expressly conceded that disclosure of the statement may not have affected Corpus's decision: "The fact that Mr. Corpus was ignorant of [Doe's] desire not to testify at the trial may or may not have changed his decision regarding entering a plea to count one."

Corpus argues that his personal statements to the trial court show he did not want to enter the plea. At the plea hearing, before he entered the plea, Corpus stated, "I don't want to do this," and he expressed his desire to go to trial. Likewise, at the hearing on the motion to withdraw, the trial court found Corpus "was set to go to trial" just before the prosecution made its offer. And when Corpus addressed the court later at that hearing, he stated, "I wanted to go to trial . . ." At no point, however, did Corpus assert he would have rejected the plea offer had he known of Doe's reluctance to testify. Instead, his statements at both hearings indicate that his opposition to the plea stemmed from his disagreement with his counsel's stipulation to a factual basis for the plea. At the hearing on the motion to withdraw, Corpus asked the court to confirm that, if the court denied his motion to withdraw, "The deal does stand, right?" After the court confirmed that Corpus

11

would be sentenced to time served—i.e., that he would be immediately released from custody—Corpus then expressed concern that he might be imprisoned if he violated the terms of his probation.

None of Corpus's statements to the trial court suggested that the pre-plea disclosure of Doe's reluctance to testify would have changed his decision to accept the plea. As the Attorney General points out, Corpus's statements are indistinguishable from an expression of a post-plea reluctance to accept the consequences of his decision to enter into the negotiated disposition. "A plea may not be withdrawn simply because the defendant has changed his mind. [Citation.]" (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

Finally, Corpus contends the record holds no substantial evidence to support the trial court's finding that Doe's statement was an expression of "reluctance" to testify and not a "refusal" to testify. Not so. The trial court based this finding on the fact that Doe had already testified willingly at the preliminary hearing. The court also could have relied on the plain wording of Doe's statements as documented in the probation report: "[S]he made it clear to the People that she did not *want* to testify at the jury trial," and, "[T]he victim did not *want* to proceed." (Italics added.) Not wanting to testify is distinct from *refusing* to testify.

Had those statements been disclosed to defense counsel before the plea, counsel could not have relied on them to advise her client with a reasonable degree of certainty that the victim would not actually testify. Indeed, defense counsel never asserted that she would have advised Corpus in that fashion. Furthermore, Corpus points to nothing in the record to show Doe's testimony at trial would have been more favorable to the defense than her testimony at the preliminary hearing. On this record, a competent defense attorney aware of Doe's statements would have advised Corpus that even if Doe refused to testify or recanted her allegations, the trial court might permit the prosecution to

12

introduce her prior testimony into evidence and corroborate it with the testimony of other witnesses as well as photographic evidence.

We conclude from the above that Corpus failed to present clear and convincing evidence that the failure to disclose Doe's statement was a factor overcoming the exercise of his free judgment. He therefore failed to show good cause to withdraw his plea, and the trial court did not abuse its discretion by denying the motion to withdraw. For the same reasons, Corpus has not shown prejudice because the record does not show he would have rejected the plea offer had the prosecution disclosed Doe's statements prior to the plea. We therefore conclude this claim is without merit.

### III.    DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
_____
 Grover, J.




_____
 Lie, J.




People v. Corpus
H052025